# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2016, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mitchell Maddox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 14, 2016

Court of Appeals Case No.
34A02-1605-CR-1124

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Trial Court Cause No.
34C01-1409-F5-196

**Vaidik, Chief Judge.**

# Case Summary

Mitchell Maddox pled guilty to Level 5 felony carrying a handgun without a license, and in exchange the State dismissed numerous felony and misdemeanor charges. The trial court sentenced him to five years, with one year suspended to probation. Maddox now appeals, arguing that his sentence is inappropriate. Because Maddox has failed to persuade us that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[1]  In September 2014—two months after being released from the Indiana Department of Correction—twenty-two-year-old Maddox was charged with Level 5 felony carrying a handgun without a license (based on a previous felony conviction within fifteen years), Level 5 felony obliterating identifying marks on a handgun, Level 6 felony auto theft, Level 6 felony possession of a narcotic drug, and Level 6 felony possession of a syringe in Cause No. 34C01-1409-F5-196 ("F5-196").

[2]  Less than a month later, in October 2014, Maddox was charged with Class A misdemeanor resisting law enforcement, Class B misdemeanor leaving the

scene of an accident, and Class B misdemeanor public intoxication in Cause No. 34C01-1410-CM-215 ("CM-215").[1]

[3] Then, in May 2015, Maddox was charged with Class A misdemeanor possession of marijuana in Cause No. 34C01-1505-CM-59 ("CM-59"). The following month, Maddox was charged with Level 2 felony dealing in a narcotic drug in a fourth case.[2]

[4] In January 2016, Maddox and the State entered into a plea agreement. Specifically, Maddox agreed to plead guilty in F5-196 to Level 5 felony carrying a handgun without a license. Appellant's App. p. 64. In exchange, the State agreed to dismiss the other charges in that cause number as well as the misdemeanor charges in CM-215 and CM-59. Tr. p. 4-5; Appellant's App. p. 66. The plea agreement did not address the Level 2 felony dealing charge. Tr. p. 5. In addition, the parties agreed that "the sentence [would] not exceed five (5) years." Appellant's App. p. 64. The trial court accepted the plea agreement, entered judgment of conviction for the Level 5 felony, dismissed the remaining charges in F5-196 and cause numbers CM-215 and CM-59, and set the case for sentencing.

---

[1] The State cites page 126 of the Appellant's Appendix (which is part of Maddox's PSI) for this information, but this page is missing from the appendix on file with this Court. Because Maddox does not dispute this information, *see* Tr. p. 20 (defense counsel noting only one correction to be made to PSI), we take it to be true.

[2] The State also cites page 126 for both of these cases.

[5] Following the sentencing hearing, the trial court identified Maddox's guilty plea as a mitigator but gave it "basically no weight" because of the "considerable benefits" he received in the number of dismissed charges. Tr. p. 24. The trial court found "significant" aggravators: (1) Maddox had a criminal history despite being "a fairly young man"; (2) he had multiple probation violations, including refusing to complete alcohol and drug treatment; and (3) he committed several crimes after his arrest in this case. *Id.* at 24-26. The trial court sentenced Maddox to five years, with one year suspended to supervised probation.

[6] Maddox now appeals his sentence.

# Discussion and Decision

[7] Maddox contends that his five-year sentence with one year suspended to supervised probation is inappropriate and should be revised to "five (5) years, with one (1) or two (2) years incarceration and the remainder suspended to supervised probation." Appellant's Br. p. 8.

[8] Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Because sentencing is a highly case-sensitive endeavor, it is generally a decision that is best made at the trial-court level. *Gibson v. State*, 43 N.E.3d 231, 241 (Ind. 2015) (citing *Saylor v. State*, 808 N.E.2d 646, 649 (Ind.

2004)).  When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended.  *Weedman v. State*, 21 N.E.3d 873, 894 (Ind. Ct. App. 2014), *trans. denied*.  It is the defendant's burden on appeal to persuade us that his sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9]    A person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years.  Ind. Code § 35-50-2-6(b).  Here, Maddox's plea agreement provided that his sentence would not exceed five years, and the trial court sentenced him to five years with one year suspended to probation.

[10]    Maddox claims that there is nothing violent about the nature of the offense because "[c]arrying a handgun is not a violent act."  Appellant's Br. p. 7.  Even if that is true in this case, it is Maddox's character that convinces us that his five-year sentence with one year suspended is appropriate.  As even Maddox concedes, "he is willing to knowingly commit a crime" and "has trouble following rules of probation."  *Id.*  Indeed, after his arrest for carrying a handgun without a license (which occurred a mere two months after his release from the DOC), Maddox was arrested for five offenses under three separate cause numbers—two of which were dismissed by the plea agreement in this case.  In addition, Maddox has failed to take advantage of the opportunities that the courts have given him before by violating his probation multiple times.  Maddox has failed to persuade us that his sentence is inappropriate.

Affirmed.

Baker, J., and Najam, J., concur.